# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 1:22-CR-00269-DC |
| | § | |
| CALEB AUGUSTINE | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE DAVID COUNTS**
  **UNITED STATES DISTRICT JUDGE**

Before the Court is the United States Probation Office's Petition for Warrant or Summons for Offender Under Supervision recommending that the Court revoke Defendant's term of supervised release, filed June 4, 2024 ("Petition") (Dkt. 43). This Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

## Procedural Background

Defendant pled guilty to Damage to Government Property, in violation of 18 U.S.C. § 1361. Dkt. 30. On September 12, 2023, Defendant was sentenced to five years' probation. Dkt. 39. Special conditions imposed include substance abuse treatment; mental health treatment and to take all mental health medications as prescribed; and to pay $91,493.00 in restitution, of which a balance of $86,312.28 balance remains. *Id.* at 2; Dkt. 43 at 1.

Defendant's term of probation began on September 12, 2023. In the Petition, the Probation Officer alleges that Defendant violated the following conditions of his probation:

1

**Violation of Standard Condition #7:** The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Nature of Noncompliance:** Defendant was fired from his employment in December 2023 and has worked odd jobs but failed to establish stable employment since then.

**Violation of Mandatory Condition #7:** If the judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

**Nature of Noncompliance:** Defendant has not made any restitution payments in accordance with his plan to make a minimum monthly payment of $100.

**Violation of Special Condition:** The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs or alcohol. A probation officer may supervise the participation in the program. The defendant shall pay the costs of such treatment to the extent the defendant is financially able.

**Nature of Noncompliance:** Defendant failed to attend co-occurring treatment as scheduled on March 7, April 26, and April 29, 2024, and failed to submit to random drug testing as required on the Comply random urinalysis program on March 11, March 22, and April 17, 2024.

**Violation of Mandatory Condition #2:** The defendant shall not unlawfully possess a controlled substance.

**Violation of Mandatory Condition #3**: The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence

report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

**Nature of Noncompliance:** Defendant submitted a urine specimen that returned positive for marijuana on May 15, 2024.

The District Court referred this case to this Magistrate Judge a report containing proposed Findings of Fact and Recommendations for its disposition. Dkt. 53. Defendant waived a preliminary hearing. On June 20, 2024, pursuant to 28 U.S.C. § 636(a) and 18 U.S.C. § 3401(i), this Magistrate Judge conducted a final revocation hearing at which Defendant, his attorney, and an attorney for the United States Government appeared. Defendant consented to proceed before a United States Magistrate Judge and pled "True" to the violations alleged in the Petition.

## Proposed Findings of Fact

1. Defendant violated the following conditions of his probation by his conduct as alleged in the Petition: Standard Condition No. 7, Mandatory Conditions Nos. 1, 2, and 7, and the Special Condition to participate in a substance abuse treatment program.

2. Defendant received a copy of the Petition naming him; read the Petition or had it read to him; understood the Petition and the charges alleged against him; and had the opportunity to discuss the Petition and charges with his attorney.

3. Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

4. Defendant had both a factual and rational understanding of the proceedings against him.

5. Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

6. Defendant was sane and mentally competent at the time of these proceedings.

7. Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. Defendant understood all of his statutory and constitutional rights and desired to waive those rights.

9. Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10. Defendant waived a reading of the charges against Defendant by the Government.

11. Defendant freely, intelligently, and voluntarily pled "True" to all violations of the conditions of his probation alleged in the Petition.

12. The Court finds that Defendant violated the following conditions of his term of probation as alleged in the Petition: Standard Condition No. 7, Mandatory Conditions Nos. 1, 2, and 7, and the Special Condition to participate in a substance abuse treatment program. The Court also finds that there is a factual basis in support of those findings.

## **Factors Considered**

The Court has considered the factors set out in 18 U.S.C. § 3583(e), which makes reference to most of the factors set out in 18 U.S.C. § 3553(a), that is:[1]

a. the nature and circumstances of the offense, § 3553(a)(1);
b. the history and characteristics of Defendant, (a)(1);
c. the need to afford adequate deterrence to criminal conduct, (a)(2)(B);
d. the need to protect the public, (a)(2)(C);
e. the need to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);
f. the kinds of sentence and the sentencing range recommended by the United States Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);
g. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6); and
h. the need to provide restitution to any victims of the offense, (a)(7).

## **Recommendations**

The Court has carefully considered all arguments of counsel and has taken judicial notice of the pre-sentence report, as well as the Petition, Adjustment Summary, and Violation Conduct Computation prepared by the Probation Office. The Court also has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. Defendant's violation is a Grade C and his criminal history category is I, resulting in an (advisory) guideline range of 3 to 9 months of imprisonment. In considering the required factors, the Court finds most compelling Defendant's history and characteristics and the need to afford adequate deterrence to criminal conduct and provide Defendant with correctional treatment in the most effective manner.

---

[1] The Court did not consider the factors in § 3553(a)(2)(A): the seriousness of the offense, respect for the law, and just punishment.

4

For these reasons, this Magistrate Judge **RECOMMENDS** that the Petition for Warrant or Summons for Offender Under Supervision (Dkt. 43) be **DENIED**, Defendant's term of probation be **CONTINUED**, and his conditions of probation be **MODIFIED** to add the following special conditions, in addition to the mandatory and standard conditions imposed by the Court at the sentencing hearing:

- **The defendant shall serve a total of 30 days of confinement. The confinement shall be served for 30 consecutive days at a facility designated by the United States Bureau of Prisons, beginning on June 20, 2024.**

- **The defendant shall reside in a residential reentry center for a term of 90 days. The defendant shall follow the rules and regulations of the center.**

- **The defendant shall not knowingly enter Next Level Urgent Care, located at 14900 North Interstate Hwy 35, Austin, Texas 78728, without first obtaining the permission of the probation officer.**

- **The defendant shall pay the balance of the restitution, $86,312.28.**

## Warnings

Having been orally advised of these Findings and Recommendations, the parties have waived their right pursuant to 28 U.S.C. § 636(b)(1)(C) to object to this Report and Recommendation within 14 days. The matter is ripe for the District Court to act on it immediately.

**SIGNED** on June 20, 2024.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE